DEREK SCOTT IDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Iden v. Commissioner
Docket No. 10364-81.
United States Tax Court
T.C. Memo 1982-547; 1982 Tax Ct. Memo LEXIS 197; 44 T.C.M. (CCH) 1186; T.C.M. (RIA) 82547; September 22, 1982. Derek Scott Iden, pro se. Walter T. Thompson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion for summary judgment, filed on March 2, 1982, pursuant to Rule 121 [1] and heard on July 26, 1982. Petitioner resided in Tempe, Arizona, at the time that he filed his petition and amended petition in this case. During 1978, *198 petitioner was self-employed as an independent contractor selling real estate. On Schedule C of his 1978 Federal income tax return (Form 1040), petitioner reported a self-employment net profit in the amount of $13,449.75. On line 48 of petitioner's 1978 Federal income tax return (Form 1040), petitioner wrote the word "EXEMPT" next to the printed words on that line which read "Self-employment tax (attach Schedule SE)." Petitioner, however, has never filed an application for exemption from the tax on self-employment income and waiver of benefits (hereinafter Form 4029), nor has he filed an application (hereinafter Form 4361) requesting exemption from such tax on the basis of his being a minister, member of a religious order, or a Christian Science practitioner. Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,089.42. The deficiency resulted from respondent's determination that petitioner was liable for the tax on self-employment income under sections 1401 and 1402. In his amended petition, petitioner states the following reason for his refusal to pay the tax on self-employment income: I object to and refuse to participate in social *199 security (tax?) and its established use as an identification number based on religious convictions confirmed by my belief and faith in the written testimony of the Bible according to the teachings of Christ Jesus and our Father. When this case was heard on July 26, 1982, petitioner testified that he does not object to the benefits provided by social security or to the payment of taxes. Instead, petitioner claims that being identified by a social security number or using one for any purpose is contrary to his religious beliefs. Moreover, petitioner contends that he is unable to file Form 4029 or Form 4361 to exempt himself from the social security system because he is not a member of an organized religious group which is conscientiously opposed to the self-employment tax. We find petitioner's arguments to be specious. Although petitioner has not expressly phrased his religious objections in constitutional terms, the law is well settled that the social security system is constitutional. ; . While petitioner claims to have a religious objection to being assigned *200 a social security number, we fail to see how such a belief is relevant to the question before us. Section 1401(a) provides generally for the imposition of a tax on the self-employment income of every individual. Section 1402(e) and (g) provides exemptions from the imposition of the tax for members of certain religious faiths. Petitioner has made no claim before this Court that he has satisfied any of the statutory provisions to exempt himself from the self-employment tax. He testified that he has never filed Form 4029 or Form 4361 with the Internal Revenue Service. Moreover, petitioner has not established that any inability on his part to satisfy the exemption provisions in section 1402(e) or (g) places a direct burden on his constitutional right to freely exercise his religious beliefs. [2], affg. a Memorandum Opinion of this Court, cert. denied ; ; . *201 Petitioner has failed to clearly set forth his religious beliefs and, other than his own conclusory statements, we cannot comprehend how the government's use of a social security number has any direct effect on petitioner's exercise of his religious beliefs. Although the government will undoubtedly use a social security number to identify petitioner and to keep track of his record of payments into the social security system, such a means of identification is a necessary part of facilitating a complex public insurance program for tens of millions of people. Furthermore, although petitioner claims that his religious beliefs require him not to use his social security number for any purpose, we find it interesting that he did list his social security number on his 1978 Federal income tax return. Accordingly, for the reasons set forth herein, respondent's motion for summary judgment is granted. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. See also ; .↩